In the Matter of JOHN N. HAUCH, Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.

Supreme Court, Special Term, Bronx County, July 31, 1951.

*Boris J. Friedkiss* for petitioner.

*Robert H. Schaffer* for respondent.

MATTHEW M. LEVY, J. This is a proceeding, under article 78 of the Civil Practice Act, seeking revocation of a determination by the State Rent Administrator which denied an application by a tenant for a rent decrease.

Leases covering the bungalow in question required tenant to care for the hedges and lawn in front of it. The bungalow is number one of four fronting on a common walk. On the other side of the walk parallel to the four bungalows and running their full distance is an open unimproved space or lawn and the portion thereof in front of the petitioner's bungalow is regarded by him as his front yard. He claims to have had the use of it and such use was established on the freeze date. It is charged that petitioner is denied such use and that he is, therefore, entitled to a reduction in rent. Petitioner's present landlord acquired title to the bungalow, but title to the land fronting the bungalow and on the other side of the walk was not conveyed. The registration filed in the local rent office did not specifically disclose the extent of the demised premises. The leases fail to plot the demised premises by metes and bounds or approximate area.

On August 3, 1950, tenant's application was denied on the local level. On protest, the matter was remanded by the administrator for further proof upon the question of the claimed inclusion of the lawn in the demise, it being indicated by the administrator that the basic issue was determinable upon examination of the public record. There was, thereafter, a physical

inspection of the property, a conference of the parties and a search of public record.

The sole question presented to the administrator was whether the space or lawn in dispute, the use of which has been denied to petitioner, was on the freeze date a part of the premises demised to him. The leases do refer to lawn and hedge, but a lawn and hedge exist in front of the bungalow on both sides of the walk. The administrator concluded that such reference is to the lawn and hedge directly in front of the bungalow and not across the walk. He found that the lawn across the walk was not demised and was not included in the rent on the freeze date.

While some hardship may arise because of the manner in which petitioner had used the property for some time, and considered it as a part of the demise, yet the determination of the issues was in the first instance in the jurisdiction of the respondent, and the judgment of the respondent on the facts presently in the record does not appear to have been arbitrary or capricious in a measure warranting annulment.

Petitioner complains further that the hearings were imperfectly held and were not completed and that the hearing officer was prejudiced. I find no ground whatsoever for claim of prejudice or bias on the part of the hearing officer. An examination of the report of the hearing officer, filed as part of the return before me, does however indicate that by reason of his resentment of the conduct of petitioner's attorney, the hearing was summarily terminated. It may well be that the petitioner's representative was obstreperous and more, but it does not appear that sufficient warning was given to petitioner or his counsel that the latter's actions were deemed objectionable and that if continued would result in his exclusion from the hearing, or in the termination of the proceeding. Under the circumstances here presented, the petitioner was deprived of a full opportunity to be heard. I do not hold that the additional evidence intended to be presented by the petitioner at the hearing — some of which, such as photographs and statement as to purchases by petitioner to maintain the lawn and hedges, were submitted to the court on this application — will necessarily affect the result. That remains to be seen in the light of all that is to be presented. But it is important that, at an administrative hearing — where strict procedure and rules of evidence do not control, and where the findings of fact have such binding effect upon attempted judicial review — there be afforded a full and complete opportunity to the respective parties to be heard

prior to the closing of the case and the making of the determination.

The motion is granted to the extent that the matter will be remitted for a further hearing to give the petitioner an opportunity if he so desires to complete the presentation of his case in an orderly manner. Settle order.